■ WARREN W. FEUSTEL, Respondent, v. HEMPHILL SCHOOLS, INC., Appellant, et al., Defendant.— Action to recover damages for personal injuries. Appellant operates a licensed technical school in which respondent was a paying student. Respondent was injured, during his course of instruction, by an engine which his instructor had intentionally put out of working order to enable respondent and two fellow-students, working as a team, to discover the cause of the trouble and to remedy it. The only allegations of negligence are failing to keep and maintain the engine in good working condition and permitting it to become damaged, defective and dangerous to operate. Under the instructor's directions, respondent attempted to start the engine with a hand crank. There was a backfire and an emission of gas or flame from the engine which caused respondent to duck and he was struck by the revolving crank handle. The only evidence that the machine was in fact in such dangerous, damaged or defective condition is that it was fifteen or twenty years old, was not equipped with an automatic starter, used gasoline as fuel for starting (for the use of which it was designed), had backfired "several times" over a two-year period and was equipped with an air filter which had been removed by the team and had not been replaced when the attempt was made to start the engine. The court denied appellant's motion to dismiss at the end of respondent's case, whereupon appellant rested, and the court denied its motion for the direction of a verdict and the renewal of its motion to dismiss. The jury rendered a verdict for $30,000 in respondent's favor, and the appeal is from the judgment entered thereon. Judgment reversed on the law and the facts, with costs, and amended complaint dismissed. No evidence was adduced which would warrant a finding by the jury that appellant was negligent in furnishing a machine which was damaged, or in a defective condition, or which was inherently dangerous for the use to which it was to be put, and the motions to dismiss the amended complaint and for a directed verdict should have been granted. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ JUDITH GORDON, Respondent, v. SOLOMON GORDON, Appellant.— Respondent moved to punish appellant, an attorney, for contempt for failure to make payments of alimony, as directed by a final decree of divorce. Appellant cross-moved for relief pursuant to section 1172-a of the Civil Practice Act, and both motions have been referred to an Official Referee. The appeal is from an order denying appellant's motion to strike from a subpœna duces tecum a provision directing him to produce before the Official Referee "files of all cases in which you [appellant] or Gordon & Kass were or are attorneys of record or counsel from January 1, 1954 to date". Appellant claimed privilege pursuant to section 353 of the Civil Practice Act. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.